IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

CHRIS MAJORS,                )
                             )
        Plaintiff,            )   Civil Action No. 07-1487
                             )
        v.                    )
                             )   Magistrate Judge Caiazza
CITY OF DONORA, et al.,       )
                             )
        Defendants.           )


**OPINION AND ORDER**

The Plaintiff, Chris Majors ("Majors" or "the Plaintiff"), was a state pretrial detainee confined at the Washington County Correctional Facility when this action was commenced. He asserts that his arrest on drug charges was without probable cause, and that his prosecution was improper. As Defendants, Major sues the arresting officer, the officer's employing municipality, and the prosecuting attorneys. Defendants Petit and Totano have moved to dismiss on the basis that they are entitled to prosecutorial immunity, and on the basis that this action is barred by Heck v. Humphrey, 512 U.S. 477 (1994)(challenge to underlying state criminal conviction cannot be made through civil rights action) (Doc. 17). The arresting officer, Defendant Karlowsky, and the City of Donora have moved for summary judgment on the basis that probable cause for arrest did exist (Doc. 25). Majors has twice been ordered to respond to the Motions, but has failed to do so.

A.  **Analysis.**

First, as relief in this case, Majors seeks to "be free from criminal prosecution" for the matters leading to his arrest by Defendant Karlowsky (Doc. 3, p. 7). Clearly, Majors cannot seek an order which would result in the dismissal of criminal charges in a §1983 action; a federal habeas corpus petition "is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release . . . ." Heck v. Humphrey, 512 U.S. 477, 481 (1994). Defendants are entitled to dismissal of this action to the extent that Majors seeks to have his state court criminal proceeding terminated by an order of this Court.

Further, Majors seeks compensatory damages on the basis that the pending criminal charges are false or otherwise improper. However, where the validity of a state court criminal conviction is at issue, a §1983 plaintiff is not entitled to damages unless he alleges and proves "that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Heck, 512 U.S. at 486-87. Absent such allegations, a §1983 claim must be dismissed. Parenthetically, the Heck bar applies equally to a claim  -as Majors makes here-  which would call into question the validity

of criminal charges which remain pending in state court. Smith v. Holtz, 87 F.3d 108, 113 (3d Cir. 1996). That all being said, the Plaintiff's claim for damages is barred by Heck.

Defendants Petit and Totano are also entitled to dismissal because the claims against them are all addressed to actions they took in their role as prosecutors and for which they have immunity from suit. Imbler v. Pachtman, 424 U.S. 409 (1976)(setting forth doctrine of prosecutorial immunity).

Defendants Karlowsky and the City of Donora are entitled to summary judgment on the additional basis that they have presented evidence that probable cause for arrest did exist. The Plaintiff, although directed to respond to the Defendants' Motion, has failed to come forward with affirmative evidence on his own behalf which would establish that probable cause was lacking. See, Matsushita Elec. Ind. Co. v. Zenith Radio Corp., 475 U.S. 574 (1986)(non-moving party must set out " . . . specific facts showing that there is a genuine issue for trial . . ." or the factual record will be taken as presented by the moving party and judgment will be entered as a matter of law.). Therefore, even if the Plaintiff's claims were not barred by Heck, Defendants Karlwosky and the City of Donora would nonetheless be entitled to summary judgment.

AND NOW, this 20th day of May, 2008,

IT IS HEREBY ORDERED that the Motion to Dismiss filed by

Defendants Petit and Totano (Doc. 17 is GRANTED.

IT IS FURTHER ORDERED that the Motion for Summary Judgment filed by Defendants Karlowsky and the City of Donora (Doc. 25) is GRANTED.

The Clerk is directed to mark this case CLOSED.

s/Francis X. Caiazza
Francis X. Caiazza
United States Magistrate Judge

cc:
CHRIS MAJORS
Washington County Correctional Facility
100 West Cherry Avenue
Washington, PA 15301